Kelly R. Labby, Office of United States Attorney, Pittsburgh, PA, for Tracy W. Johns.

Before RENDELL, AMBRO and BECKER, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM

James Dodson, a prisoner currently incarcerated at the Federal Correctional Institution in Lorretto, Pennsylvania, appeals *pro se* the order of the United States District Court for the Western District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Dodson was convicted of drug-related charges in the United States District Court for the Eastern District of Missouri. In November 2000, he was sentenced to 70 months of imprisonment. The Bureau of Prisons ("BOP") calculated that Dodson is eligible to earn up to 274 days of good conduct time under 18 U.S.C. § 3624(b). That section provides, in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1).

The BOP's interpretation of this statute, and its calculation of Dodson's good conduct time, is based on the time actually served in prison. This calculation accounts for the fact that the prisoner's sentence is incrementally shortened as good time credit is awarded each year. Dodson argues, however, he is entitled to earn up to 54 days per year based on the sentence imposed, not based on time actually served. *See* Memorandum in Support of § 2241 Petition, 3–10.

Dodson's claim is identical to that raised and rejected in *O'Donald v. Johns,* 402 F.3d 172 (3d Cir.2005), *rehearing en banc denied* (order entered October 4, 2005). In *O'Donald,* 402 F.3d at 174, we held that the meaning of § 3624(b) is ambiguous and therefore deferred to the BOP's interpretation of the statute. Accordingly, for the reasons described in *O'Donald,* we conclude that the District Court properly rejected Dodson's challenge to the BOP's calculation of his good conduct time.

Because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's January 1, 2005, order.[1]

**UNITED STATES of America,**

v.

**Leonard SHOUGH, Appellant.**

**No. 05–1443.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 21, 2005.

Decided Oct. 26, 2005.

---

1. The Appellee's motion to stay the briefing schedule is denied as moot.

Laura S. Irwin, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Karen S. Gerlach, Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Before SMITH, BECKER and NYGAARD, Circuit Judges.

## OPINION

BECKER, Circuit Judge.

Pursuant to a plea agreement, appellant Leonard Shough entered a plea of guilty to the first count of an eight-count indictment charging him with mail and wire fraud. Shough was sentenced to 84 months' imprisonment followed by a term of three years' supervised release.

Appellant challenges his sentence under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentence having been based in part upon findings made by the District Court as to amount of loss and Shough's conduct in assuming another's identity. Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker.* *See* *United States v. Davis,* 407 F.3d 162 (3d Cir.2005) *(en banc).*